UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: BENJAMIN H. YORMAK
_____

STEVEN R YORMAK,

        Appellant,

v.                                                           Case No: 2:17-cv-73-FtM-38

BENJAMIN H. YORMAK,

        Appellee.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Appellant Steven R. Yormak's Motion for Leave to Appeal. (Doc. 4). Appellee Benjamin H. Yormak has responded in opposition. (Doc. 6). Therefore, the matter is ripe for review.[2]

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] For the purposes of this Order, all citations to (ECF. ___) reflect filings in the underlying case in in *Yormak v. Yormak*, No. 2:14-CV-33-FTM-29CM (M.D. Fla. filed Jan. 22, 2014) (the "Underlying District Court Case"), citations to (Bkt. ___) reflect filings on the bankruptcy court's docket in the underlying matter, *Yormak v. Yormak*, No 09:15-bk-04241-FMD (Bankr. M.D. Fla. filed April 24, 2015), and citations to (Doc. ___) reflect filings on this Court's docket.

## BACKGROUND

This appeal involves on a long running dispute between a father and son. Appellant, the father, has alleged that he entered a business relationship with Appellee, the son, involving the furtherance of Appellee's law practice. (ECF. 190 at ¶ 12, 24, 31). Under this relationship, he was to provide a wide swath of services to Appellee that ranged from client communication to advocacy advice. (ECF. 190 at ¶ 6(a)-(q)). Appellant alleges that he performed under the contract, while Appellee did not. (ECF. 190 at ¶ 15, 25, 34).

On the basis of these allegations, Appellant sued in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, sounding in, among other things, breach of contract. (ECF. 2). Thereafter, the matter was removed to the United States District Court for the Middle District of Florida, and proceeded before United States District Judge John E. Steele (the "Underlying District Court"). (ECF. 1). There, Appellee moved to dismiss the Complaint, arguing that any contract entered with the Appellant was a disguised attorney fee-sharing agreement, and because Appellant is not a licensed Florida attorney, therefore both void and unenforceable as a matter of public policy. (ECF. 16 at 6). The court there denied the motion, basing its decision on the procedural weight given to Appellant's characterization of the contract as a non-violative consulting agreement at that stage of litigation. (ECF. 24 at 6). In dicta, the court noted that "Florida courts have held that it is error to use an ethical rule as a basis to invalidate or render void a provision in a private contract between two parties." (ECF. 24 at 5 (citing to *Viles & Beckman, P.A. v. Lagarde*, No. 2:05CV558FTM29SPC, 2006 WL 2556941, at *9 (M.D.

Fla. Sept. 1, 2006)). Later, Appellee filed a suggestion of bankruptcy (ECF. 177), and the case was stayed (ECF. 181).

Appellee then proceeded in bankruptcy (Bkt. 1), and after a bankruptcy plan was filed (Bkt. 6), Appellant filed a claim (Bkt. 16). Appellee subsequently filed an objection to Appellant's claim. (Bkt. 36). The case was then extensively litigated, and the parties eventually filed dueling motions for summary judgment. (Bkt. 70, 77). Upon review, the bankruptcy court understood Appellee to make two distinct arguments that are relevant to the instant appeal. First, the bankruptcy court understood Appellee to argue that Appellant's claim was unenforceable because the Rules Regulating the Florida Bar prohibit a licensed Florida attorney from splitting fees with a non-attorney. (Bkt. 197 at 17). Second, the bankruptcy court perceived a distinct component of Appellee's argument that any agreement with the Appellant was void as a matter of public policy because the contemplated performance was illegal. (Bkt. 197 at 18-19).

Upon consideration, the bankruptcy court found that Appellee had asserted the latter affirmative defense for the first time on summary judgment, but allowed it as a constructive amendment to Appellee's objection to Appellant's claim. (Bkt. 88 at 2). Substantively, though the bankruptcy court entered summary judgment as to the enforceability of the contract, it denied summary judgment whether the contract was void as a matter of public policy. (Bkt. 88 at 2). It found an issue of fact whether Appellant's activities with Appellee amounted to the unlicensed practice of law. (Bkt. 88 at 2, 197 at 19-21).

Appellant now seeks interlocutory review of the bankruptcy court's decision to allow the case to be tried on whether the contracts were void as a matter of public policy

because they contemplated the unlicensed, and therefore illegal, practice of law. (Doc. 7 at 5). The specific issues identified by Appellant are:

(i) Whether the bankruptcy court erred by failing to apply issue preclusion to Appellee's unlicensed practice of law argument, given the Underlying District Court's denial of Appellee's motion to dismiss on enforceability grounds;

(ii) Whether the bankruptcy court erred in failing to apply claim preclusion to Appellee's unlicensed practice of law argument, given the Underlying District Court's denial of Appellee's motion to dismiss on enforceability grounds;

(iii) Whether the bankruptcy court erred by failing to find Appellee had waived the affirmative defense of unlicensed practice of law when he raised it in the bankruptcy case; and

(iv) Whether the bankruptcy court erred by considering parole evidence in the context of the scope of activities undertaken pursuant to contractual agreements between the parties.

## STANDARD

Though "interlocutory review is generally disfavored for its piecemeal effect on cases[,]" *In re Pac. Forest Prod. Corp.*, 335 B.R. 910, 919 (S.D. Fla. 2005), a district court has the discretion to consider such appeals from a bankruptcy court under 28 U.S.C. § 158(a)(3). When determining whether to hear the appeal, the Court considers the factors in 28 U.S.C. § 1292(b). *See In re Charter Co.*, 778 F.2d 617, 620 n. 5 (11th Cir. 1985); *see also Ibrahim v. FINR III, LLC*, No. 8:15-CV-1093-T-17, 2016 WL 409630, at *2 (M.D. Fla. Feb. 3, 2016). Under these standards, a district court may permit an interlocutory appeal when the order at issue (1) involves a controlling question of law upon which there is (2) a substantial ground for difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the litigation. *See McFarlin v. Conseco Svcs., LLC,* 381 F.3d 1251, 1257–58 (11th Cir.2004). This standard is

conjunctive, meaning that if any elements are not satisfied, the Court must deny interlocutory review. See *In re Warner*, 94 B.R. 734, 739 (M.D. Fla. 1988). Importantly, the movant bears the burden of establishing the proper elements. See *In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995). Where the movant fails to establish the elements, leave must be denied. See *id.*

To meet the first element for interlocutory appeal, "the movant must demonstrate that there is a question of law, and it is controlling." *Aurelius Capital Master, Ltd. v. Tousa Inc.*, No. 08-61317-CIV, 2009 WL 6453077, at *14 (S.D. Fla. Feb. 6, 2009). A controlling question of law pertains to "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *McFarlin*, 381 F. 3d. at 1258. It is one "that rises from the details of the case to a place of relevance among similar cases." *Aurelius Capital Master, Ltd.*, 2009 WL 6453077, at *14. Thus, a controlling question of law is an issue of "pure law" that can be decided "quickly and cleanly without having to study the record." *McFarlin*, 381 F. 3d. at 1258. By contrast, it is not "the application of settled law to fact," or a question that requires a court to go "rooting through the record in search of the facts." *Id.*

Next, to demonstrate the existence of a substantial ground for difference of opinion, the appellant "must show that at least two courts interpret the legal principle differently." *Figeroa v. Wells Fargo Bank, N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007). Merely "[s]howing that the order for which appeal is sought presents a difficult ruling, or demonstrating a lack of authority on the legal issue, is not sufficient." *Id.*

Finally, the movant must establish that a decision on appeal would materially advance the ultimate termination of the litigation. *Macfarlin*, 381 F. 3d at 1259. This

standard does not hide the ball. It simply refers to whether "the resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Id.*

## DISCUSSION

### A. APPELLANT'S WAIVED ARGUMENTS

At the outset, a review of the record below indicates that Appellant's Motion for Leave to File an Appeal is the first time he has raised arguments regarding claim preclusion or parole evidence.[3] The Eleventh Circuit has previously held that "failure to raise a claim in bankruptcy court generally constitutes waiver of the claim." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1300 (11th Cir. 2003); *see also In re Sugarleaf Timber, LLC*, 529 B.R. 317, 322 n. 10 (M.D. Fla. 2015). Though a number of exceptions to this rule exist, the Court's exercise of appellate jurisdiction over arguments first made on appeal is one of discretion. *See Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984). With this in mind, the Court discerns no reason it should entertain either of Appellant's arguments relating to claim preclusion or parole evidence for the first time on appeal. Interlocutory review is, therefore, denied.

### B. ISSUE PRECLUSION

Turning to the issues raised below, Appellant first argues that the bankruptcy court erred by failing to apply issue preclusion to Appellee's affirmative defense of unlicensed practice of law, given the Underlying District Court's denial of Appellee's

---

[3] Notably, in summary judgment briefing, Appellant argued that Appellee's contentions regarding the unlicensed practice of law was waived by virtue of his failure to assert it at a prior date, and that the defense was barred by the doctrine of issue preclusion. (Bkt. 126 at 5-6).

6

motion to dismiss, and its findings that it would be improper to void a contract for ethical reasons. (Doc. 7 at 16). That decision, Appellant contends, operated as a final judgment that bars Appellee's argument.

The Supreme Court has previously held that when determining the potentially preclusive effect of a prior decision, it is proper to adopt the claim-preclusive rules of the forum state. See *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Under Florida law, issue preclusion applies where: (1) an identical issue was presented in a prior proceeding; (2) the issue was a critical and necessary part of the prior determination; (3) there was a full and fair opportunity to litigate that issue; (4) the parties in the two proceedings were identical; and (5) the issues were actually litigated. See *Cook v. State*, 921 So. 2d 631, 634 (Fla. 2d DCA 2005). With this in mind, resolving Appellant's issue preclusion claim involves several questions. First, it implicates whether Appellee presented the affirmative defense of illegality to the Underlying District Court in his motion to dismiss. Second, it requires the Court to determine whether, if presented, the illegality affirmative defense was a necessary part of the Underlying District Court's denial of Appellee's motion to dismiss. Third, it requires a determination as to whether there was a full and fair opportunity to litigate the motion to dismiss. And, while the fourth element is met because the parties are the same, the Court must still inquire into the fifth element to see that the illegality defense was actually litigated.

At the very least, the first, second and third inquiries would require the Court to go "rooting through the record in search of the facts[,]" in order to resolve Appellant's overall argument that issue preclusion should bar Appellee's claim. *McFarlin*, 381 F. 3d. at 1258. This does not meet the required threshold for the appeal of interlocutory decisions, which
...

is explicitly limited to questions of pure law. *See id.* As such, because a decision on applying issue preclusion would present more than controlling questions of law, interlocutory review on the subject is denied.

**C. WAIVER**

Next, Appellant argues that the bankruptcy court erred because it allowed Appellee to assert the affirmative defense of unlicensed practice of law in the context of summary judgment, even though it had not been previously raised. (Doc. 7 at 13). This issue constitutes a controlling question of law as it pertains to whether and when a party may waive an objection to a claim in bankruptcy.

Nevertheless, this argument also fails to present a substantial ground for difference of opinion, as the standards for waiver of affirmative defenses have been conclusively elucidated. At the district court level, a failure to plead an affirmative defense generally results in a waiver of that defense. *Proctor v. Fluor Enterprises, Inc.*, 494 F.3d 1337, 1350 (11th Cir. 2007); *see also* Fed. R. Civ. P. 8(c). But that same standard does not apply in contested bankruptcy matters.

After bankruptcy proceedings are initiated, a creditor may file a claim against assets held by a debtor. 11 U.S.C. § 501(a). The claim is then deemed allowed, "unless a party in interest . . . objects." *Id.* at § 502(a). A debtor may specifically object to a claim by showing it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." *Id.* at § 502(b)(1).

Notably, while the Bankruptcy Rules provide the procedure for a debtor to file an objection to a claim, neither the Bankruptcy Code nor the Bankruptcy Rules provide a

calendar-based cutoff point for filing such an objection.  See *In re Justice Oaks II, Ltd., 898 F.2d 1544, 1553 (11th Cir. 1990)*.  Instead, the Eleventh Circuit has found that an objection must merely be filed before confirmation.  *See id*; *see also objection In re Optical Techs., Inc., 425 F.3d 1294, 1301 (11th Cir. 2005)*.

Against this backdrop, a review of the record below indicates that the Appellee's bankruptcy plan has not yet been confirmed.  There can be no substantial ground for disagreement that any objections asserted in the underlying bankruptcy case were not barred.  Because there is no substantial ground for disagreement that Appellant had the right to pursue his objection, interlocutory review must be denied.

Accordingly, it is now

**ORDERED:**

Creditor's Motion for Leave to Appeal (Doc. 4) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of June, 2017.

*[Signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record